[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 14, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-15311
Non-Argument Calendar

D. C. Docket No. 03-00463-CV-BH-B

RUFUS L. JACKSON,

Plaintiff-Appellee,

versus

CITY OF CHICKASAW,
BRADFORD J. PENTON, et.al,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Alabama

**(June 14, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Officer Bradford J. Penton and Chief Perry Matthews of the Chickasaw, Alabama Police Department appeal the district court's denial of summary judgment in Rufus L. Jackson's action against them, claiming they have discretionary function immunity under Ala. Code § 6-5-338(a).[1] We reverse the district court's denial of summary judgment to Matthews, but affirm the denial of summary judgment to Penton.

## I. BACKGROUND[2]

On the evening of May 5, 2001, Rufus L. Jackson took his stepson, Kentrell Lett, Kentrell's cousin, Chadrick Lett, and two of Kentrell's friends to a skating rink in Saraland, Alabama. At approximately 10:30 p.m. on May 5, 2001, Jackson went to pick up the children from the skating rink. On his return from the skating rink, he headed down Craft Highway toward his brother-in-law's home, located in the Alabama Village Community of Prichard, Alabama. This route took Jackson through Chickasaw, Alabama.

Jackson turned off Craft Highway onto 12th Avenue. He proceeded through the intersections of 12th Avenue and Kansas Street. At this time, Officer Penton

---

[1] This Court has held it has jurisdiction to review the denial of discretionary function immunity under Ala. Code § 6-5-338(a) before a final judgment is entered. *Sheth v. Webster*, 145 F.3d 1231, 1238 (11th Cir. 1998).

[2] The facts are considered most favorably to the Plaintiff-Appellee, Rufus L. Jackson.

got behind Jackson's car. Penton claims he was following Jackson's car because it appeared to be speeding and the tag light was inoperative. Penton followed Jackson through the intersection of 12th Avenue and Iriquois Street. At this time, Penton turned on his blue lights and did a license check through dispatch. Jackson did not immediately pull over. Jackson claims he thought the officer was in pursuit of someone else because he had not violated any laws.

Jackson proceeded and turned on Escambia Street. As Jackson turned on Escambia Street, Penton ran into the back of Jackson's vehicle. Penton again made contact with Jackson's car when he pushed the vehicle to a stop in front of Jackson's brother-in-law's home. Upon stopping, Jackson got out of the car with his hands in the air. Penton told Jackson to get back in the car and turn the ignition off. Penton yelled at Jackson to get back in the car or "I'll shoot you." Jackson reached into the car to turn off the ignition, but did not get back into the car as directed by Penton. Jackson again faced Penton's direction, with his hands in the air, palms facing Penton. Penton again advised Jackson to get in the car. Penton fired his gun, shooting Jackson in the neck.

Jackson collapsed to the ground. At this time, Kentrell Lett got out of the vehicle to attend to his stepfather. After seeing Penton with a gun drawn and still

yelling at Jackson, Kentrell ran to get back into the vehicle. Penton proceeded to detain Jackson by placing handcuffs on him.

Jackson was transported by ambulance to the University of South Alabama Medical Center where he was treated for a gunshot wound to the neck.[3] Following his release from the hospital, Jackson claims he experienced pain, inconvenience, medical expenses, emotional distress, humiliation, and embarrassment.

Neither Jackson nor any minors inside the vehicle were found to be in possession of any weapons. At an inspection done of the car at the Chickasaw Police Department, the tag light was found to be in working condition.

Jackson sued the City of Chickasaw, Penton, and Matthews asserting the following: Count One–negligent training, and/or supervision, Count Two–wantonness, recklessness, and/or maliciousness, Counts Three and Four–violations of 42 U.S.C. § 1983, Count Five–assault and battery, and Count Six–false imprisonment. The district court dismissed Counts One through Four, and allowed the case to proceed as to Counts Five and Six. The City, Penton, and Matthews moved for summary judgment on Counts Five and Six. The district court denied summary judgment, concluding that material issues of fact existed

---

[3] Chief Matthews was not at the scene when the alleged torts occurred, and only arrived at the scene when Jackson was leaving the scene in the ambulance.

which precluded summary judgment.  Penton and Matthews now appeal the denial of summary judgment, claiming they have discretionary function immunity under Ala. Code § 6-5-338(a).

## II.  DISCUSSION

Our review of the denial of summary judgment is de novo.  *Sheth v. Webster*, 145 F.3d 1231, 1235 (11th Cir. 1998).  Ala. Code § 6-5-338(a) provides as follows:

> Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

Thus, we must determine whether Penton and Matthews were engaged in the performance of discretionary functions at the time the alleged torts occurred.  "If their acts were discretionary acts, the burden shifts to the plaintiff to demonstrate

5

that the defendants acted in bad faith, with malice or willfulness in order to deny them immunity. 'Acts of such nature are not considered by Alabama law to be discretionary.'" *Sheth*, 145 F.3d at 1238–39 (citation omitted). Discretionary acts are "'those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances.'" *Id.* (citation omitted).

The acts which form the basis of Jackson's claim against Penton are (1) assault and battery from both shooting Jackson and running into Jackson's vehicle, and (2) false imprisonment from shooting Jackson and handcuffing him. The act which forms the basis of Jackson's claim against Matthews is his failure to enforce policies regarding Penton's use of force against Jackson. All of these acts typically are within the line and scope of the officers' law enforcement duties and require the exercise of judgment in particular circumstances. *See Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1195 (M.D. Ala. 1999).

Because the acts were discretionary, the burden shifts to Jackson to show that Penton and Matthews acted willfully, maliciously, or in bad faith. *See Sheth*, 145 F.3d at 1238–39.

6

Jackson offers no support for the contention that Matthews' actions were willful, malicious, or in bad faith. Because Jackson cannot meet this burden, we find Matthews is entitled to discretionary function immunity and reverse the district court as to this issue.

We agree with the district court, however, as to Penton. There is a genuine issue of fact as to whether Penton acted willfully, maliciously, or in bad faith in running into Jackson's car, shooting and handcuffing him. Thus, the district court did not err in denying summary judgment to Penton.

## III. CONCLUSION

Matthews is entitled to discretionary function immunity under Ala. Code § 6-5-338(a), and we reverse and remand on this issue. There is a genuine issue of material fact as to whether Penton is entitled to discretionary function immunity, and we affirm the district court's denial of summary judgment to Penton.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.